EVA GARCIA-MENDOZA, ESQ.
NEVADA BAR NO.: 1779
501 SO. SEVENTH STREET
LAS VEGAS, NEVADA 89101
Ph.   (702) 384-8484
Fax   (702) 384-0207
Evagm@gms4law.com
ATTORNEY FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

********

| | |
|---|---|
| GUEORGUI GANTCHEV, | Case No.: |
| Plaintiff, | |
| vs. | |
| CALIFORNIA AUTO FINANCE, L.P., DOES I-X and ROE CORPORATIONS I-X, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

### JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 15 U.S.C. Sections 45(a), 45(m)1)(A), 53(b), 56(a), and 57(b), and 1692, 15 U.S.C. Section 45(a)(l) and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. Sections 1692-1692p and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367 to obtain monetary civil penalties, a permanent injunction, restitution, disgorgement of ill-gotten monies, and other equitable relief for Defendants' violations of the FDCPA.

2. This Court has jurisdiction over the matter under 28 U.S.C. Section 1331, 1337(a), 1345, and 1355 and under 15 U.S.C. Section 45(m)(1)(A), 53(b), and 57(b). This action arises under 15 U.S.C. Section 45(a)(1) and 1692.

## PLAINTIFF

3. Plaintiff GUEORGUI GANTCHEV (hereinafter "GANTCHEV") is a natural person residing in Las Vegas, Clark County, Nevada and is also the owner and president of Georges and Georges LLC, a Nevada limited liability company, dba LV Cars, (hereinafter referred to as LV Cars) a licensed automobile dealer who regularly uses credit to acquire the inventory for LV Cars and to help his customers acquire financing to purchase vehicles from his dealership.

4. GANTCHEV:

(I) Is a "consumer" as defined by 15 U.S.C. Section 1692a(3);

(II) Is a "person" within the meaning of 18 U.S.C. Section 1961(3);

(III) Has been accused by Defendants of allegedly owing a [consumer]"debt" as defined by 15 U.S.C. Section 1692a(5) and has a "claim" as defined within NRS 649.010.

## DEFENDANTS

5. Defendant CALIFORNIA AUTO FINANCE, L.P., (hereinafter "CAF") is a foreign corporation registered in Illinois duly authorized and registered to conduct business as a foreign corporation in inter alia, the States of California and Nevada with a principal place of business located at 5255 E. Hunter Avenue, Anaheim, California 92807. At all times relevant to this Complaint, CAF has transacted business in the State of Nevada.

6. CAF is a business which provides loans to buyers of vehicles and collects on those loans and in the operation of its business uses the telephones and United States Postal Service to communicate its attempts to collect past due consumer debts owed or due, or allegedly owed or due another, from alleged debtor(s).

7. CAF, as a significant part of its business, regularly collects, or attempts to collect, past-due consumer debts, owed or due, and/or allegedly owed or due to another and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6) and NRS Chapter 649 et. seq.

8. CAF is an "enterprise" within the meaning of 18 U.S.C. Section 1961(4) and 1962(c) and engages in, or conducts activities which affect interstate commerce within the meaning of 18 U.S.C. Section 1962(c); and is an enterprise that is violative of the FDCPA, 15 U.S.C. Section 1692-16920 and supplemental State Acts, supra.

9. The true names and capacities, whether individual, corporate, partnership, associate or otherwise of Defendants DOES I-X and ROE CORPORATIONS I-X are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE and ROE is responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged. Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES I-X and ROE CORPORATIONS I-X when the same have been ascertained, and to join such Defendants in this action.

10. All of the acts or failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as agent, employee, or under the direction and/or control of the others. Said acts or failures to act were within the scope of said

agency and/or employment and each Defendant ratified the acts and omissions by the other Defendants. Whenever and wherever reference is made in this Complaint to any acts by Defendants, such allegations and references shall also be deemed to mean the acts of each Defendants acting individually, jointly or severally.

11. In late March 2015, Defendants demanded that LV Cars re-purchase the sale contract of Brian Guy who had been a customer of Plaintiff's car business. Plaintiff and Defendants negotiated a settlement whereby LV Cars would pay Defendants $6,000 and Defendants would get to keep the vehicle. LV Cars immediately paid Defendants the $6,000 in two payments within 4 days of each other.

12. In this instance, CAF and the Doe and Roe Defendants without having a contract with the Plaintiff individually or as president of LV Cars, without Plaintiff owing CAF any money, and without even communicating with the Plaintiff, on December 5, 2016 extorted $6,187.00 from the Plaintiff before it would agree to remove negative credit references it had placed with national credit reporting agencies against the Plaintiff. In spite of Plaintiff paying this extortionate amount, Defendants have failed to remove the negative credit references on the Plaintiff.

13. Defendants wrongly have claimed that Plaintiff individually was a buyer with a customer of Plaintiff's business named Brian Guy.

14. After Plaintiff's company paid the extortionate sum of $6,187.00, Defendants, on December 7, 2016 sent LV Cars a purported original title to the vehicle purporting to transfer title of the vehicle to the Plaintiff's company.

15. However Defendants did not own the vehicle nor were Defendants a lienholder on the vehicle on December 7, 2016. Not only did Defendants not own the vehicle, Defendants did not know where the vehicle was.

16. The records from Carfax and from the Nevada Department of Motor Vehicles show that the vehicle was sold on a lien sale by Ewing Bros. Inc. in mid 2015 after first sending two notices to Defendants advising them of its intent to sell the vehicle due to unpaid storage fees. As of December 7, 2016, the subject vehicle was still being driven around Las Vegas by its proper owner who was not and is not the Defendants.

17. Plaintiff never signed a contract with the Defendants, either personally or as an officer of LV Cars yet based upon information and belief, Plaintiff states that an unknown person at Defendant's business has forged Plaintiff's signature on an alleged contract.

18. CAF and its co-defendant collectors have used harassing and abusive tactics including but not limited to placing negative credit information on Plaintiff's accounts with the national credit reporting companies. In spite of LV Cars paying the alleged debt which Plaintiff submits LV Cars did not owe, Defendants has failed and refused to remove the negative references on Plaintiff's credit reports of Experian and Equifax and these negative credit references continue to exist.

19. CAF and its co-defendants have negatively reported Plaintiff to the major credit reporting agencies and have caused Plaintiff's credit score to drop by 100 points, even after LV Cars paid Defendants' unreasonable demands which is nothing short of extortion and being advised by Plaintiff that this is a disputed claim by LV Cars because no money is owed to Defendants by Plaintiff or LV Cars, which has substantially negatively affected Plaintiff's credit score and his ability to obtain loans.

## FACTUAL ALLEGATIONS

20. CAF and its co-defendants initiated a campaign of unfair, unreasonable, unlawful, misrepresented, harassing and abusive debt collection activities directed

5

against Plaintiff by falsely reporting to the national credit reporting agencies Equifax and Experian that Plaintiff is in default (past due) of monies owed to CAF as an alleged co-debtor with a person named Brian Guy.

21. Brian Guy was a customer of Plaintiff's business LV Cars but Plaintiff never became a co-obligor with. Brian Guy on any debt.

22. That Plaintiff has spoken to Carlos LNU at CAF numerous times disputing the claim and requesting a copy of any written agreements as well as the agreement for the negotiated payment made by LV Cars. Neither CAF nor the co-defendants herein have ever responded to any of Plaintiff's requests.

23. CAF and the co-defendants herein knew or had reason to know that Plaintiff did not owe a debt to Defendant CAF, never investigated and/or failed to take note that it had no personal guarantee with the Plaintiff and that there was not in fact an unpaid debt owed to Defendants by the Plaintiff and that the Plaintiff disputed any alleged debt.

24. Despite this, Defendants still initiated and maintained collection activities to secure unjust enrichment and windfall receivables by way of the extortionate demand of $6,187.00 and the forced and extortionate payment by Plaintiff's company of that sum which it paid by wire transfer on December 5, 2016. Plaintiff, on behalf of his company, only agreed to pay the extorted amount because he immediately needed to clear the negative credit references on his credit reports. In spite of paying the extorted amount, the negative credit references persist.

25. That neither CAF nor the co-defendants ever advised Plaintiff that they claimed he owed them money rather Defendants simply communicated negative credit

references to the national credit reporting agencies on an unknown date but which Plaintiff became aware on December 5, 2016 when he checked his credit scores.

26. Plaintiff, because of the nature of his business as the owner and president of LV Cars, is always required to maintain an excellent credit score in order to qualify and obtain the best loans possible both from floor plan companies which he uses to acquire the inventory for LV Cars and from finance companies, as well as his own personal credit cards. Recently Plaintiff was contacted by American Express questioning why his credit score had dropped 100 points and being advised that his credit limit was lowered as a result of his lower credit score.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF SECTIONS 1692(d) & (f) OF THE FAIR DEBT CREDIT COLLECTION PRACTICES ACT

27. Plaintiff repleads and realleges all the preceding Paragraphs and incorporates same by reference as if fully set forth herein.

28. Defendants violated Section 1692(d) & (f) of the Fair Debt Credit Collection Practices Act, hereinafter referred to as FDCPA, when it continuously and repeatedly refused to provide verification of the alleged debt, and when it engaged in other unfair or unconscionable means to collect an alleged debt.

29. The conduct of the Defendants was in such wanton and total disregard of the rights and expectations of the Plaintiff and constituted such a gross, reckless, oppressive, fraudulent, willful, malicious and/or outrageous disregard for the consequences of its actions and/or omissions, as well as constituted such a manifest indifference to Plaintiff's welfare so as to justify an assessment of exemplary and punitive damages in an amount in excess of $50,000.

30. That as a direct and proximate result of Defendants' wrongful acts, Plaintiff has been damaged in excess of $75,000 the exact amount of which will be proven at trial.

31. That Plaintiff is entitled to statutory damages for the violations of the FDCPA and Nevada law.

32. That as a direct and proximate result of Defendants' wrongful conduct, Plaintiff has had to engage an attorney to represent him against Defendants' abusive tactics and to prosecute this action by reason of which he is entitled to attorney fees pursuant to 15 U.S.C. Section 1693k(a)(3).

33. That Plaintiff is entitled to interest from the date of the service of this action together with the costs of suit.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF SECTION 1692(G) OF THE FAIR DEBT CREDIT COLLECTION PRACTICES ACT

34. Plaintiff repleads and realleges all the preceding paragraphs and incorporates same by reference as if fully set forth herein.

35. Defendants have violated Section 1692(g) of FDCPA because Plaintiff disputed the debt and Defendants failed to obtain verification of the debt, failed to provide the verification to the Plaintiff, and failed to respond to any of the communications Plaintiff had with Defendants disputing the debt and demanding a copy of the alleged contract.

36. That as a direct and proximate result of Defendants' wrongful acts, Plaintiff has been damaged in an amount in excess of $75,000, the exact amount of which will be proven at trial.

8

37. That as a direct and proximate result of Defendants' wrongful conduct, Plaintiff has had to engage an attorney to represent him against Defendants' abusive tactics and to prosecute this action.

38. That Plaintiff is entitled to interest from the date of the service of this action together with the costs of suit.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF SECTION 1692d OF THE
### FAIR DEBT CREDIT COLLECTION
### PRACTICES ACT

39. Plaintiff repleads and realleges all the preceding paragraphs and incorporates same by reference as if fully set forth herein.

40. Defendants violated 1692(d) of the FDCPA by wrongly alleging that Plaintiff was a co-obligor on a debt which had been granted to Plaintiff's company's customer and by wrongly placing negative references on Plaintiff's credit reports proximately resulting in a 100 point drop in his credit scores.

41. That as a direct and proximate result of Defendants' wrongful acts, Plaintiff has been damaged in an amount in excess of $75,000, the exact amount of which will be proven at trial.

42. That as a direct and proximate result of Defendants' wrongful conduct, Plaintiff has had to engage an attorney to represent him against Defendants' abusive tactics and to prosecute this action.

43. That Plaintiff is entitled to interest from the date of the service of this action together with the costs of suit.

### FOURTH CLAIM FOR RELIEF
### VIOLATION OF SECTION 1692e(2)(A) OF
### THE FAIR DEBT CREDIT
### COLLECTION PRACTICES ACT

44. Plaintiff repleads and realleges all the preceding paragraphs and incorporates same by reference as if fully set forth herein.

45. Defendants violated 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of the debt in that it claimed Plaintiff owed a debt when in fact Plaintiff did not owe the debt because Plaintiff never signed a contract with CAF nor ever personally guaranteed any debt with Defendant CAF.

46. That as a direct and proximate result of Defendants' wrongful acts, Plaintiff has been damaged in the sum in excess of $75,000, the exact amount of which be proven at trial.

47. That as a direct and proximate result of Defendants' wrongful conduct, Plaintiff has had to engage an attorney to represent him against Defendants' abusive tactics and to prosecute this action.

48. That Plaintiff is entitled to interest from the date of the service of this action together with the costs of suit.

### FIFTH CLAIM FOR RELIEF
### FOR VIOLATION OF SECTION 1692f
### OF THE FAIR DEBT CREDIT
### COLLECTION PRACTICES ACT

49. Plaintiff repleads and realleges all the preceding paragraphs and incorporates same by reference as if fully set forth herein.

50. Defendants violated 1692f because there was no express agreement creating the debt or permitted by law and because the Plaintiff did not owe the money.

51. That as a direct and proximate result of Defendants' wrongful acts, Plaintiff has been damaged in an amount in excess of $75,000 the exact amount of which will be proven at trial.

10

52.    That as a direct and proximate result of Defendants' wrongful conduct, Plaintiff has had to engage an attorney to represent him against Defendants' abusive tactics and to prosecute this action.

53.    That Plaintiff is entitled to interest from the date of the service of this action together with the costs of suit.

### SIXTH CLAIM FOR RELIEF
### FOR VIOLATION OF SECTION 1692d
### OF THE FAIR DEBT CREDIT
### COLLECTION PRACTICES ACT

54.    Plaintiff repleads and realleges all the preceding paragraphs and incorporates same by reference as if fully set forth herein.

55.    Defendants violated Section 1692d of the FDCPA by negatively reporting Plaintiff to the national credit reporting agencies.

56.    That as a direct and proximate result of Defendants' wrongful acts, Plaintiff has been damaged in an amount in excess of $75,000, the exact amount of which will be proven at trial.

57.    That as a direct and proximate result of Defendants' wrongful conduct, Plaintiff has had to engage an attorney to represent him against Defendants' abusive tactics and to prosecute this action.

58.    That Plaintiff is entitled to interest from the date of the service of this action together with the costs of suit.

### SEVENTH CLAIM FOR RELIEF

### FOR VIOLATION OF SECTION 1692 b(2)
### OF THE FAIR DEBT CREDIT
### COLLECTION PRACTICES ACT

59.    Plaintiff repleads and realleges all the preceding paragraphs and incorporates same by reference as if fully set forth herein.

60. Defendants violated Section 1692b (2) by wrongly communicating with third parties that the Plaintiff owed a debt.

61. That as a direct and proximate result of Defendants' wrongful acts, Plaintiff has been damaged in an amount in excess of $75,000 the exact amount of which will be proven at trial.

62. That as a direct and proximate result of Defendants' wrongful conduct, Plaintiff has had to engage an attorney to represent him against Defendants' abusive tactics and to prosecute this action.

63. That Plaintiff is entitled to interest from the date of the service of this action together with the costs of suit.

### EIGHTH CLAIM FOR RELIEF

### FOR VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT

64. Plaintiff repleads and realleges all the preceding paragraphs and incorporates same by reference as if fully set forth herein.

65. All of the foregoing claims and allegations also constitute violations of NRS 598.0915(14)-(16) and NRS 598.092(5)(c), (8) & (9) of the Nevada Deceptive Trade Practices Act.

66. That as a direct and proximate result of Defendants' wrongful acts, Plaintiff has been damaged in an amount in excess of $75,000 the exact amount of which will be proven at trial.

67. That as a direct and proximate result of Defendants' wrongful conduct, Plaintiff has had to engage an attorney to represent him against Defendants' abusive tactics and to prosecute this action.

68. That Plaintiff is entitled to interest from the date of the service of this action together with the costs of suit.

### NINTH CLAIM FOR RELIEF

### VIOLATION OF NRS 649

69. Plaintiff repleads and realleges all the preceding paragraphs and incorporates same by reference as if fully set forth herein.

70. All of the foregoing acts by Defendants also constitute a violation of Chapter 649 of the Nevada Revised Statutes and specifically NRS 649.375(1).

71. As a direct and proximate result of Defendants violation of NRS 649, Plaintiff has been damaged in an amount in excess of $75,000, the exact amount of which will be proven at trial.

72. That as a direct and proximate result of Defendants' wrongful conduct, Plaintiff has had to engage an attorney to represent him against Defendants' abusive tactics and to prosecute this action

### TENTH CLAIM FOR RELIEF

### INJUNCTIVE RELIEF

73. Plaintiff repleads and realleges all the preceding paragraphs and incorporates same by reference as if fully set forth herein.

74. Defendants have wrongfully and maliciously placed negative reports concerning the Plaintiff on the national credit reporting agencies which wrongful conduct has substantially damaged Plaintiff.

75. Plaintiff does not have an adequate remedy at law to force the Defendants to remove that negative information from the national credit reporting agencies.

76. Plaintiff is suffering irreparable harm because of the negative information which Defendants placed with the national credit reporting agencies.

77. Plaintiff is entitled to an order from the court that Defendants remove from the national credit reporting agencies all negative information it placed therein and to ensure that Defendants will not continue to violate the FDCPA by continuing to attempt to collect on this alleged debt which he does not owe.

## ELEVENTH CLAIM FOR RELIEF

## FOR EQUITABLE REMEDIES PURSUANT TO 15 U.S.C. SECTION 53(b)

78. Plaintiff repleads and realleges all the preceding paragraphs and incorporates same by reference as if fully set forth herein.

79. Pursuant to 15 U.S.C. Section 53(b) Plaintiff requests that this court issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FDCPA including ordering rescission or reformation of contracts, restitution, the refund of monies paid, and disgorgement to deprive the Defendant wrongdoers of ill-gotten gains.

WHEREFORE, Plaintiff respectfully prays for a judgment as follows:

a. All actual damages suffered in an amount to be proven at trial.

b. Statutory damages for each violation of the FDCPA.

c. To enjoin the Defendants from violating the FDCPA and the NRS.

d. To order that the Defendants remove all negative information from the national credit reporting agencies.

e. For statutory treble damages.

f. For punitive damages in the amount in excess of $50,000.

g. For statutory attorney fees.

h. For court costs, and pre-judgment and post judgment interest.

      i.      Any other relief deemed appropriate by this court.

Dated this \_\_4\_\_ day of January, 2017.

*/s/ Eva Garcia Mendoza*
Eva Garcia Mendoza Esq.
Attorney for Plaintiff

LAW OFFICES OF
GARCIA-MENDOZA & SNAVELY CHTD.
Eva Garcia-Mendoza, Esq.
Luther M. Snavely, III Esq.
501 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
(702) 384-8484   FAX (702) 384-0207