ANGELA J. LIZADA, ESQ.
Nevada Bar No. 11637
LIZADA LAW FIRM, LTD.
501 S. 7TH St.
Las Vegas, NV 89101
Phone: (702) 979-4676
Fax: (702) 979-4121
angela@lizadalaw.com

EVA GARCIA-MENDOZA, ESQ.
Nevada Bar No.: 1779
501 So. Seventh Street
Las Vegas, Nevada 89101
Ph.    (702) 384-8484
Fax    (702) 384-0207
evagm@gms4law.com

**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## CLARK COUNTY, NEVADA

GUEORGUI GANTCHEV,

            Plaintiff,

v.

3RD GENERATION INC. dba
CALIFORNIA AUTO FINANCE, CARLOS
NAVAS,  DOES I-X and ROE
CORPORATIONS I-X,

            Defendant.

Case No.:  2:17-cv-00185-RFB-CWH

**PLAINTIFF'S LIMITED OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE**

     Plaintiff, GUEORGUI GANTCHEV ("Plaintiff" or "Mr. Gantchev"), and Defendants, 3RD GENERATION INC. dba CALIFORNIA AUTO FINANCE and CARLOS NAVAS, by and through their respective counsel, do hereby stipulate and request that the Court issue an order staying discovery until the Court has ruled on Defendant's Motion to Dismiss and to Strike (**ECF No. 14**) ("Motion to Dismiss") and Plaintiff's Countermotion for Leave to File Third Amended Complaint (**ECF No. 18**) ("Motion to Amend").

# I.      BACKGROUND.

Plaintiff's Complaint (**ECF No. 1**) alleging violations of 15 U.S.C. §§ 1692b(2), 1692d, 1692e, 1692f, and 1692g, of the Fair Debt Collection Practices Act ("FDCPA"), violations of the Nevada Deceptive Trade Practices Act, violation of Nevada Revised Statutes ("NRS") Chapter 649, and requesting injunctive relief, was filed on January 23, 2017.  On February 8, 2017, Defendants were served (**ECF No. 4**).  On March 3, 2017, Default was entered against Defendants (**ECF No. 8**).  On March 21, 2017, the parties stipulated to set aside the default, and Plaintiff agreed to amend the Complaint to correct the name of the corporate defendant (**ECF No. 9**). Plaintiff filed an Amended Complaint on March 22, 2017 (**ECF No. 10**).  The Court accepted the parties' stipulation and entered an Order thereon (**ECF No. 12**) on March 23, 2017.  On April 17, 2017, Plaintiff filed a Second Amended Complaint to remedy an additional clerical error (**ECF No. 13**).

On April 18, 2017, Defendants filed a Motion to Dismiss and to Strike (**ECF No. 14**) arguing that (A) the claims based on FDCPA fail as a matter of law because Defendants are not "debt collectors"; (B) claims based on Nevada's Deceptive Trade Practices laws require pleading with particularity and that Plaintiff did not do so; (C) that claims under NRS 649 fail as Defendants are not a "collection agency"; and (E) Plaintiff's assertion of remedies as a claim requires dismissal or striking of those claims.  Plaintiff opposed Defendants' Motion to Dismiss (**ECF No. 16**) on May 2, 2017 and filed his Motion to Amend on May 3, 2017 (**ECF No. 18**). Defendants' Motion to Dismiss was fully briefed on May 8, 2017 when they filed their Reply in Support of their Motion to Dismiss (**ECF No. 19**), and Defendants opposed Plaintiff's Motion to Amend on May 17, 2017 (**ECF No. 20**). Plaintiff filed a Reply to Defendants' Opposition to the Motion to Amend on May 24, 2017 (**ECF No. 21**).  Further, Defendants filed a Motion to Consolidate, to which Plaintiff did not object in substance (**ECF No. 23**).

The parties held their Federal Rule of Civil Procedure ("FRCP") 26(f) Conference on August 1, 2017.  The parties' FRCP 26(a)(1) disclosures are therefore presently due on August

15, 2017. The parties agree that they will provide FRCP 26(a)(1) disclosures by the above-stated deadline with the hope that such disclosures will facilitate settlement discussions, but the parties request that the Court otherwise issue a stay of discovery and continue the deadline for the parties' Stipulated Discovery Plan and Scheduling Order pending the disposition of Defendants' Motion to Dismiss (**ECF No. 14**) and Plaintiff's Motion to Amend (**ECF No. 18**). The parties agree that if the Court issues this stay of discovery, they will submit a Stipulated Discovery Plan and Scheduling Order within fourteen (14) days of the Court's order on the later of the decisions on either of those motions, if Plaintiff's Complaint is not dismissed with prejudice.

## II.    A STAY OF DISCOVERY IS WARRANTED.

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending, the court considers the goal of FRCP 1, which provides that the Rules should "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action." With FRCP 1 as its prime directive, the Court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending or to delay discovery to accomplish the inexpensive determination of the case. *See Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *see also Twin City Fire Ins. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).

Further, in assessing a request to stay discovery, the Court takes a "preliminary peek" at the merits of the dispositive motion. *Tradebay, LLC, v. Ebay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This "preliminary peek" does not prejudge the outcome of the motion; it merely evaluates whether an order staying discovery is warranted. *Id.* Common examples of situations in which good cause has been found to stay discovery are when jurisdiction, venue, or immunity are preliminary issues. *Id.* Ultimately, the party seeking the stay "carries the heavy burden of

making a strong showing why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Defendants' Motion to Dismiss (**ECF No. 14**) warrants a stay in discovery. First, the Court employs a two-part test in determining whether to stay the discovery when a dispositive motion is pending: (1) the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought; and (2) the Court must determine whether the pending potentially dispositive motion can be decided without additional discovery. *See Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). Here, Defendants' Motion to Dismiss is potentially dispositive of the entire case as it requests dismissal with prejudice of all of Plaintiff's causes of action.

In their Motion to Dismiss, Defendants argue that Plaintiff's claims based on FDCPA fail as a matter of law because Defendants are not "debt collectors"; (B) claims based on Nevada's Deceptive Trade Practices laws require pleading with particularity and that Plaintiff did not do so; (C) that claims under NRS Chapter 649 fail as Defendants are not a "collection agency"; and (E) Plaintiff's assertion of remedies as a claim requires dismissal or striking of those claims. (**ECF No. 14**) Additionally, the second part of the test is met because the parties agree that additional discovery is not necessary for the Court to rule on Defendants' Motion to Dismiss. Plaintiff disputes the legal arguments made in Defendants' Motion and has filed an Opposition. (**ECF No. 16**). However, the parties agree that Defendants' Motion to Dismiss is the type warranting a stay of discovery.

Second, neither party will suffer hardship or inequity as a result of stay because further discovery is not necessary at this point. Because Defendants have moved to dismiss the entire case, Plaintiff has not been apprised of which factual allegations Defendants intend to admit and which factual allegations Defendants intend to deny. Nor has Plaintiff been apprised of the defenses that Defendants intend to assert. Requiring the parties to conduct discovery on a claim

that may not be properly before the Court would result in an unnecessary expenditure of resources by both parties.

Third, similar to the situation in *Little*, this is a case where a temporary stay of discovery will further the goals of judicial economy, control of the Court's docket, and an inexpensive determination of the case. 863 F.2d 681. Ordering the parties to proceed with discovery could potentially clog the Court's docket with discovery disputes on a claim that may be dismissed. Moreover, there is a pending Motion to Consolidate (**ECF No. 23**), and causing the parties to do repetitive or duplicative discovery in the two cases prior to a ruling on that motion does not promote judicial economy.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, having made the strong showing necessary to support their joint request to stay discovery, the parties respectfully request that the Court stay discovery until an Order has been issued on Defendants' Motion to Dismiss (**ECF No. 14**), Plaintiff's Motion to Amend (**ECF No. 18**), and Defendants' Motion to Consolidate (**ECF No. 23**). The parties further request that the deadline for the parties' Stipulated Discovery Plan and Scheduling Order be continued until fourteen (14) days after the Court's Order(s) on these pending Motions, if the decision(s) do not result in Plaintiff's Complaint being dismissed with prejudice.

Respectfully submitted by:

Respectfully submitted by:

/s/ Angela J. Lizada, Esq.

/s/ Jared M. Moser, Esq.

LIZADA LAW FIRM, LTD.
ANGELA J. LIZADA, ESQ.
Nevada Bar No. 11637501 S. 7TH St.
Las Vegas, NV 89101

MARQUIS AURBACH COFFING
CHAD F. CLEMENT, ESQ.
Nevada Bar No. 12192
CHRISTIAN T. BALDUCCI, ESQ.
Nevada Bar No. 12688
JARED M. MOSER, ESQ.
Nevada Bar No. 13003

Attorney for Plaintiff

Attorneys for Defendants

## ORDER

IT IS SO ORDERED.

Dated: _____August 4_____, 2017.

_____
UNITED STATES MAGISTRATE JUDGE