**Marquis Aurbach Coffing**
Chad F. Clement, Esq.
Nevada Bar No. 12192
Christian T. Balducci, Esq.
Nevada Bar No. 12688
Jared M. Moser, Esq.
Nevada Bar No. 13003
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
cclement@maclaw.com
cbalducci@maclaw.com
jmoser@maclaw.com
 *Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GUEORGUI GANTCHEV,<br><br>    Plaintiff,<br><br>vs.<br><br>3RD GENERATION INC. dba CALIFORNIA AUTO FINANCE, CARLOS NAVAS, DOES I-X and ROE CORPORATIONS I-X,<br><br>    Defendants.<br><hr>3RD GENERATION INC. dba CALIFORNIA AUTO FINANCE, a California corporation,<br><br>    Counterclaimant,<br><br>vs.<br><br>GEORGE'S AND GEORGE'S, LLC d/b/a LV Cars, a Nevada limited liability company; GUEORGUI GANTCHEV, individually, and as Manager for GEORGE'S AND GEORGE'S, LLC d/b/a LV Cars, a Nevada limited liability company; DOES I-X; and ROE CORPORATIONS I-X,<br><br>    Counterdefendants. | [CONSOLIDATED CASES]<br><br>Case No. 2:17-cv-00185-RFB-CWH<br><br>Case No. 2:17-cv-01692-JAD-PAL<br><br><br>**DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT AND COUNTERCLAIMS** |

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

Defendants 3rd Generation Inc. dba California Auto Finance ("CAF"), and Carlos Navas ("Navas") (collectively, "Defendants"), by and through their attorneys of record, the law firm of Marquis Aurbach Coffing, hereby file their Answer to Third Amended Complaint as follows:

**JURISDICTION AND VENUE**

1.     In answering Paragraph 1 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

2.     In answering Paragraph 2 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations.

**PLAINTIFF**

3.     In answering Paragraph 3 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

4.     In answering Paragraph 4 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

**DEFENDANTS**

5.     In answering Paragraph 5 of Plaintiff's Complaint, Defendants admit that CAF is a foreign corporation, registered to conduct business in California and Nevada, and that at all times relevant to this Complaint CAF has conducted business in Nevada. Defendants deny all remaining allegations therein.

/ / /

/ / /

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

6.      In answering Paragraph 6 of Plaintiff's Complaint, Defendants admit that CAF provides loans to buyers of vehicles and collects payments on its loans, using telephone and postal services.  Defendants deny the remaining allegations therein.

7.      In answering Paragraph 7 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

8.      In answering Paragraph 8 of Plaintiff's Complaint, Defendants avers that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Navas is a California resident.  Defendants deny all remaining allegations therein.

9.      In answering Paragraph 9 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

10.      In answering Paragraph 10 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

11.      In answering Paragraph 11 of Plaintiff's Complaint, Defendants admit that CAF invoked the buyback provisions of the operative contract between CAF and Plaintiff's company, Georges and Georges, LLC d/b/a LV Cars ("LV Cars") as relates to consumer Brian Guy.  Defendants deny the remaining allegations therein.

12.      In answering Paragraph 12 of Plaintiff's Complaint, Defendants deny the allegations therein.

13.      In answering Paragraph 13 of Plaintiff's Complaint, Defendants deny the allegations therein.

14.      In answering Paragraph 14 of Plaintiff's Complaint, Defendants deny the allegations therein.

/ / /

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

15.     In answering Paragraph 15 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

16.     In answering Paragraph 16 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

17.     In answering Paragraph 17 of Plaintiff's Complaint, Defendants deny the allegations therein.

18.     In answering Paragraph 18 of Plaintiff's Complaint, Defendants deny the allegations therein.

19.     In answering Paragraph 19 of Plaintiff's Complaint, Defendants deny the allegations therein.

## **FACTUAL ALLEGATIONS**

20.     In answering Paragraph 20 of Plaintiff's Complaint, Defendants deny the allegations therein.

21.     In answering Paragraph 21 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

22.     In answering Paragraph 22 of Plaintiff's Complaint, Defendants deny the allegations therein.

23.     In answering Paragraph 23 of Plaintiff's Complaint, Defendants deny the allegations therein.

24.     In answering Paragraph 24 of Plaintiff's Complaint, Defendants deny the allegations therein.

25.     In answering Paragraph 25 of Plaintiff's Complaint, Defendants deny the allegations therein.

/ / /

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

26.     In answering Paragraph 26 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

27.     In answering Paragraph 27 of Plaintiff's Complaint, Defendants deny the allegations therein.

28.     In answering Paragraph 28 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

## FIRST CLAIM FOR RELIEF

### (Violation of 15 U.S.C. § 1681s-2(b))

29.     In answering Paragraph 29 of Plaintiff's Complaint, Defendants repeat, re-allege, and incorporate herein all of the answers previously made as though fully set forth herein.

30.     In answering Paragraph 30 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

31.     In answering Paragraph 31 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

32.     In answering Paragraph 32 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

33.     In answering Paragraph 33 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

/ / /

/ / /

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

34.     In answering Paragraph 34 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

35.     In answering Paragraph 35 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

36.     In answering Paragraph 36 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

## SECOND CLAIM FOR RELIEF

**(For Statutory Deceptive Trade Practices and Consumer Fraud by Defendants in Violation of NRS 41.600(2)(e) and NRS 598.0923)**

37.     In answering Paragraph 37 of Plaintiff's Complaint, Defendants repeat, re-allege, and incorporate herein all of the answers previously made as though fully set forth herein.

38.     In answering Paragraph 38 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

39.     In answering Paragraph 39 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

40.     In answering Paragraph 40 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

41.     In answering Paragraph 41 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

42.     In answering Paragraph 42 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

43.     In answering Paragraph 43 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

44.     In answering Paragraph 44 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

### THIRD CLAIM FOR RELIEF

**(For Statutory Deceptive Trade Practices and Consumer Fraud by Defendants for Violation of NRS 41.600(2)(e) and NRS 598.0915(14)-(16)**

45.     In answering Paragraph 45 of Plaintiff's Complaint, Defendants repeat, re-allege, and incorporate herein all of the answers previously made as though fully set forth herein.

46.     In answering Paragraph 46 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

47.     In answering Paragraph 47 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

48.     In answering Paragraph 48 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

49.     In answering Paragraph 49 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

50.     In answering Paragraph 50 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

51.     In answering Paragraph 51 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

52.     In answering Paragraph 52 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

## **FOURTH CLAIM FOR RELIEF**

### **(For Statutory Deceptive Trade Practices/Consumer Fraud by Defendants in Violation of the NRS 41.600 and NRS 598.092)**

53.     In answering Paragraph 53 of Plaintiff's Complaint, Defendants repeat, re-allege, and incorporate herein all of the answers previously made as though fully set forth herein.

54.     In answering Paragraph 54 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

55.     In answering Paragraph 55 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

56.     In answering Paragraph 56 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

57.     In answering Paragraph 57 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

58.     In answering Paragraph 58 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

59.     In answering Paragraph 59 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

60.     In answering Paragraph 60 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

## FIFTH CLAIM FOR RELIEF

### (Fraudulent Misrepresentation)

61.     In answering Paragraph 61 of Plaintiff's Complaint, Defendants repeat, re-allege, and incorporate herein all of the answers previously made as though fully set forth herein.

62.     In answering Paragraph 62 of Plaintiff's Complaint, Defendants deny the allegations therein.

63.     In answering Paragraph 63 of Plaintiff's Complaint, Defendants deny the allegations therein.

64.     In answering Paragraph 64 of Plaintiff's Complaint, Defendants deny the allegations therein.

65.     In answering Paragraph 65 of Plaintiff's Complaint, Defendants deny the allegations therein.

66.     In answering Paragraph 66 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

/ / /

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

67.     In answering Paragraph 67 of Plaintiff's Complaint, Defendants deny the allegations therein.

68.     In answering Paragraph 68 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

69.     In answering Paragraph 69 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

70.     In answering Paragraph 70 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

71.     In answering Paragraph 71 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

## SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment)

72.     In answering Paragraph 72 of Plaintiff's Complaint, Defendants repeat, re-allege, and incorporate herein all of the answers previously made as though fully set forth herein.

73.     In answering Paragraph 73 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

74.     In answering Paragraph 74 of Plaintiff's Complaint, Defendants   deny   the allegations therein.

75.     In answering Paragraph 75 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

76.     In answering Paragraph 76 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

77.     In answering Paragraph 77 of Plaintiff's Complaint, Defendants aver that those allegations call for legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's complaint fails to state claims upon which relief can be granted.

2.     Plaintiff's claims are barred by his own unclean hands for reasons including, without limitation, his unquestionable knowledge of the contract he signed with CAF, from which contract Plaintiff and his business profited and enjoyed significant sales and revenue by Plaintiff's acceptance of payments and vehicle titles thereunder, and under which contract Plaintiff bought back other contracts under the provisions he now disclaims.

3.     Plaintiff's claims are time-barred to the extent the applicable statutes of limitations have expired.

4.     Plaintiff is equitably estopped from raising the claims asserted in this action.

5.     Plaintiff has not been injured as a result of acts of Defendants.

6.     Because Plaintiff did not suffer any damages as a result of any conduct of Defendants, or either of them, he lacks Article III standing to pursue the instant claims.

7.     To the extent that there are any damages at all, which Defendants dispute, Plaintiff has failed to mitigate his damages.

8.     Any damages suffered by Plaintiff were not the direct or proximate result of Defendants' actions.

9.     Plaintiff and CAF were parties to a valid and binding contract, executed by Gantchev, under which Gantchev and LV Cars authorized CAF to take all action that was taken.

/ / /

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

10.     Plaintiff has no cause of action for violation of 15 U.S.C. § 1681s-2(b) because Plaintiff never reported a dispute to a consumer reporting agency.

11.     To the extent Plaintiff claims Defendants willfully violated the FCRA, which Defendants deny, any violation was not willful because Defendants' interpretation of the FCRA is not objectively unreasonable.  *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

12.     Plaintiff has no cause of action for violation of 15 U.S.C. § 1681s-2(b) because Defendants conducted a reasonable investigation into any dispute by Plaintiff of his credit report.

13.     Plaintiff's state law claims are barred to the extent they are preempted by the Fair Credit Reporting Act ("FCRA") or other applicable federal law, if any.

14.     At all times, Defendants acted in good faith and fully complied with the FCRA and state law.

15.     Any credit reporting made by Defendants, or either of them, was reasonable.

16.     Any credit reporting made by Defendants, or either of them, was not inaccurate or incomplete.

17.     Defendants made no false representations of material fact which they knew to be false.

18.     Defendants had no intent to defraud Plaintiff.

19.     Defendants did not intend for Plaintiff to rely on misrepresentations.

20.     Plaintiff did not detrimentally rely on misrepresentations.

21.     Defendants' conduct was not oppressive, fraudulent, nor committed with malice.

22.     Defendants' acts were not misleading in any material way.

23.     Defendants have not made any false or misleading statements in a commercial setting, nor to any customers.

/ / /

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

24.     Plaintiff's acts in executing the contract he disputes were ratified by subsequent conduct, including, without limitation, the requests for financing submitted to CAF for the benefit of consumers purchasing vehicles from Plaintiff's business, Plaintiff's assignments of contracts to CAF, and Plaintiff's buyback of other consumer contracts under the terms of the contract between CAF and Plaintiff's business, LV Cars.

25.     Plaintiff has failed to join indispensable parties.

26.     The fraud-based claims are all barred by the failure of the Plaintiff to plead them with particularity.

27.     By contract, Plaintiff's claims are subject to arbitration, and may not be resolved in a court of law.

28.     Defendant Navas has no personal liability herein and therefore is an improper party to this action.

29.     To the extent Plaintiff has suffered or will suffer any damages, such damages were caused, in whole or in part, by the actions or omissions of other persons or entities over which Defendants, and each of them, had no control and for which Defendants are not liable, including, but not limited to, consumer reporting agencies or third party debt purchasers.  In the event any fault of Defendants is found to have caused or contributed to cause any damages to Plaintiff, which is denied, any recovery against Defendants must be reduced and limited by the comparative fault of such persons or entities.

30.     By virtue of Plaintiff's actions, conduct, and omissions, Defendants' liability, if any, has been released, discharged, or otherwise waived.

31.     Any and all alleged problems and damages were proximately caused or contributed to by the acts of other person and/or other entities and that said acts were an intervening and/or superseding cause of the injuries and damages, if any, thus barring any recovering against Defendants.

32.     Defendants were without knowledge of the acts giving rise to and could not have averted the damages alleged by Plaintiff.

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

33.     Plaintiff's Complaint fails to set forth any facts which would constitute a basis for any claim for punitive or exemplary damages as against either of Defendants.

34.     Punitive damages as claimed will be excessive and otherwise violate the provisions of both the United States and Nevada Constitutions.

35.     Plaintiff did not confer any benefit upon Defendants, or either of them.

36.     Defendants have not retained any benefit which in equity and good conscience belongs to Plaintiff.

37.     To the extent Defendants have not received any benefits from Plaintiff, Defendants have not been unjustly enriched.

38.     There is no additional reasonable value to which Plaintiff is entitled because Plaintiff damaged Defendants.

39.     Plaintiff is not equitably entitled to obtain any money from Defendants.

40.     Defendants have not retained any money or property against fundamental principles of justice, equity, and good conscience.

41.     Because Plaintiff has attempted to articulate a non-viable FCRA claim against Defendants in the Complaint for the sole purposes of harassment, Defendants are entitled to reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(c) and 15 §1681o(b).

42.     Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein, insofar as sufficient facts were not available after reasonable inquiry upon filing of this Answer, therefore, Defendants reserve the right to amend their Answer to add affirmative defenses should the necessity arise.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants deny Plaintiff is entitled to any of the relief requested and prays for judgment as follows:

1.     That Plaintiff takes nothing by virtue of his complaint on file herein, that the same be dismissed with prejudice;

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

2.      For an award of reasonable attorneys fees and costs of suit incurred in the defense of this action; and

3.      For such other and further relief as this Court may deem just and proper in the premises.

## COUNTERCLAIMS

Defendant-Counterclaimant 3rd Generation Inc. dba California Auto Finance, by and through its counsel of record, the law firm of Marquis Aurbach Coffing, alleges and complains against George's and George's, LLC d/b/a LV Cars ("LV Cars"), a Nevada limited liability company; and Gueorgui Gantchev ("Gantchev"), individually, and as Manager for LV Cars; DOES I-X; and ROE CORPORATIONS I-X, as follows:

## SUBJECT MATTER JURISDICTION AND VENUE

1.      This Court possesses subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in the District of Nevada under 28 U.S.C. § 1391 because a (1) one or more of the Counterdefendants reside in this District, and are authorized to transact business, and currently transact business, within this District; and (2) the obligations, acts, and omissions complained of herein were incurred and committed, in whole or in part, within this District.

## THE PARTIES AND PERSONAL JURISDICTION

3.      Defendant-Counterclaimant 3rd Generation Inc. dba California Auto Finance ("CAF"), is and was at all times relevant hereto a California corporation, registered and licensed to conduct business in California and Nevada, with a principal place of business at 311 E. Katella Avenue, Orange, California 92867, and conducting business in Nevada.

4.      CAF is in the business of providing financing to consumers for the purchase of automobiles.  CAF contracts with numerous car dealerships in California and Nevada to purchase, at discounted rates, automobile retail installment contracts at the time of origination.

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

5.      Upon information and belief, Gantchev is and was at all times relevant hereto a Nevada resident and the Principal and Manager of LV Cars.

6.      Upon information and belief, LV Cars is a Nevada limited liability company, licensed to conduct business in Nevada, with its principal place of business at 2445 E. Sahara Avenue, Las Vegas, Nevada 89104, and conducting business in Clark County, Nevada.

7.      Gantchev and LV Cars shall be collectively referred to herein, where applicable, as "Counterdefendants."

8.      Upon information and belief, LV Cars is engaged in the business of and in the course thereof sells its merchandise to retail buyers on an installment payment basis, commonly evidenced by conditional sales contracts, security agreements, lease agreements, or similar instruments (hereinafter, "Consumer Contracts").

9.      The true names and capacities, whether individual, corporate, associate or otherwise, of counterdefendants named herein as DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, are presently unknown to CAF.  Said DOE and ROE counterdefendants are responsible for damages suffered by CAF.  As a result, CAF sues said counterdefendants by such fictitious names.  CAF will seek leave to amend this complaint to reflect the true names and capacities of each DOE and ROE counterdefendants at such time as the same have been ascertained.

10.     The Court has personal jurisdiction over Counterdefendants because (1) their residence, domicile, and business activities and contacts in Nevada have been and continue to be so substantial, continuous, and systematic that they are deemed present in the forum; and (2) the obligations, acts, and omissions complained of herein were incurred and committed, in whole or in part, in Nevada, and thus, Counterdefendants have had sufficient minimum contacts with this forum such that the exercise of personal jurisdiction over them will not offend traditional notions of fair play and substantial justice.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

11.     Counterdefendants consented to this Court's personal jurisdiction by virtue of the filing of the instant action.

### GENERAL ALLEGATIONS

#### CONTRACTS GOVERNING BUSINESS RELATIONSHIP BETWEEN CAF AND LV CARS

12.     On or about July 16, 2014, Counterdefendants completed and submitted a Dealer Application (the "Application") to CAF in order to become a dealer-partner with, and to take advantage of, CAF's lending-related business.

13.     In executing the Application, Counterdefendants "declare[d] that the information given is correct and authorize[d] CAF to gather the credit information it considers necessary to purchase contracts" under a related Master Dealer Agreement ("MDA").

14.     The contracts referenced in this language from the Application refers to Consumer Contracts between LV Cars and consumers who desire to purchase a motor vehicle from one of Counterdefendants' used car dealerships in Las Vegas, Nevada.

15.     In conjunction with executing the Application, on or about September 4, 2014, Counterdefendants also executed the MDA with former CAF sales representative, Wanda K. Smith ("Ms. Smith").

16.     Under the MDA, CAF would purchase Consumer Contracts from LV Cars at a discount rate of five percent (5%), which are subject to a two-month Full Recourse provision whereby LV Cars is required to repurchase, or buy back, a Consumer Contract if the consumer fails to make a minimum of two full monthly payments thereunder.

17.     The MDA further provides that the Full Recourse provision remains in full force and effect whether or not repossession has occurred, and if recourse is not met, the Consumer Contract shall be repurchased by LV Cars within ten (10) days from the date of repossession and/or at such time as CAF elects to exercise its recourse privilege and notifies LV Cars of such election.

/ / /

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

18.     The amount due to CAF from LV Cars under a buyback scenario is calculated as follows: the current balance, less reserve withheld, if any, less unearned refunds on the discount, finance charge and insurance, if any, which LV Cars is to pay directly from LV Cars and directly to CAF and at its corporate headquarters.

19.     Among other terms, the MDA further provides that LV Cars is to advise CAF of any pertinent information coming to its knowledge respecting any consumer's expressed intention not to fulfill the terms and conditions of any Consumer Contract purchased by CAF, or a consumer's intention to transfer his equity in the merchandise purchased, or to change his address, or any other information reflecting the consumer's unwillingness or inability to carry out the terms of the said Consumer Contract.

20.     LV Cars further agreed not to sell the consumer(s) another car unless all previous contracts sold to CAF are paid in full.

21.     The MDA further states that CAF is fully authorized to resell or reassign any Consumer Contracts purchased thereunder and to assign the various obligations undertaken with reference to said Consumer Contracts by both LV Cars and CAF, and no right or privilege vested in CAF or obligation imposed upon LV Cars by the MDA shall be affected by any act or omission of CAF in making collections, repossessions, or resales.

22.     LV Cars further agreed to pay the cost and reasonable attorney's fees incurred by CAF in connection with any action arising out of this Contract and in any action brought to enforce a judgment predicated in whole or in part on the rights or obligations of this Contract, whether such costs and attorney's fees are incurred with or without institution or formal legal action.

23.     Upon completion and execution of the Application, MDA, and Guaranty (as defined below) (together, the "Dealer Contracts"), Ms. Smith returned the documents to CAF headquarters – along with (a) records demonstrating Gantchev's authority to enter into contracts on behalf of LV Cars; (b) LV Cars' dealer license from the Nevada Department of Motor Vehicles; (c) LV Cars' Tax Permit from the Nevada Department of Taxation, (d) LV

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Cars' Clark County business license; (e) LV Cars' Vehicle Industry business License Bond; (f) a voided check from LV Cars; and (g) a copy of Gantchev's Nevada driver's license – where they were ultimately reviewed and approved by Mr. Navas.

### GANTCHEV'S GUARANTY OF LV CARS' OBLIGATIONS UNDER THE MDA

24.     On September 4, 2014, Gantchev also executed a Continuing [Personal] Guaranty (the "Guaranty"), initialing each page in acknowledgement thereof.

25.     In executing the Guaranty, Gantchev unconditionally guaranteed and promised to pay CAF or order, on demand in lawful money of the United States, any and all indebtedness of LV Cars to CAF.

26.     "Indebtedness" is defined by the MDA to mean:

> includes any and all advances, debts, obligations and liabilities of [LV Cars] or any one or more of them, heretofore, now, or hereafter made, incurred or created, whether voluntary or involuntary and however arising, whether direct or acquired by CAF by assignment or succession, whether due or not due, absolute or contingent, liquidated or unliquidated, determined or undetermined, and whether [LV Cars] may be liable individually or jointly with others, or whether recovery upon such indebtedness may be or hereafter become barred by any statute of limitations, or whether such indebtedness may be or hereafter become otherwise unenforceable.

27.     The Guaranty further dictates that the obligations thereunder are joint and several, and are independent of the obligations of LV Cars such that a separate action or actions may be brought and prosecuted against Gantchev whether action is brought against LV Cars or whether LV Cars is joined in any such action.

28.     Gantchev waived any statutes of limitations affecting his liability under, or the enforcement of, the Guaranty.

29.     Gantchev also agreed to pay a reasonable attorney's fee and all other costs and expenses which may be incurred by CAF in the enforcement of the Guaranty.

/ / /

/ / /

/ / /

/ / /

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**LV CARS AND GANTCHEV EXPLOIT THE DEALER CONTRACTS**

30.    Over the course of the business relationship between Counterdefendants and CAF, CAF funded a total of thirteen loans, ranging from 36- to 54-month terms, and totaling more than $139,000 (the "Consumer Loans"), to facilitate the Gantchev Parties' sales of vehicles to consumers.

31.    Upon information and belief, Counterdefendants took less than required amounts as down payments in conjunction with misrepresenting to CAF the validity of the Consumer Loans before assigning these sham Consumer Loans to CAF in order to sell LV Cars' inventory.

32.    Upon information and belief, Counterdefendants knew or had reason to know these loans were not legitimate, and Counterdefendants misrepresented to CAF that each of the assigned Consumer Loans was valid, was executed in conjunction with the receipt of a full down payment, and was assigned after Counterdefendants confirmed that the consumers at issue were a good moral and financial risk.

33.    CAF justifiably relied upon Counterdefendants' false representations by purchasing Consumer Loans and by continuing to fund loans under the Dealer Contracts.

34.    Of the Consumer Loans purchased by CAF, more than half defaulted, an unprecedented proportion of bad loans from a dealer-partner, causing more than $50,000 in charge offs by CAF for the bad receivables.

35.    Moreover, notwithstanding Counterdefendants' exploitation of the Dealer Contracts, falsely representing their acceptance of the terms of those Dealer Contracts in order to obtain funding and/or consumer financing, which worked to facilitate Counterdefendants' sales of inventory, Counterdefendants now argue that they never executed the Dealer Contracts.

36.    Counterdefendants' false representations as to legitimacy of the Consumer Loans assigned, and of Counterdefendants' intention to be bound by the Dealer Contracts, while knowing and intending not to be bound, or intending to otherwise disclaim the validity

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

of the governing contracts to avoid liability thereunder, took place each and every time Counterdefendants' sold CAF a Consumer Contract under the terms of those Dealer Contracts, including, without limitation, the Consumer Contracts for the following:

      a.     Antoine Bernard; entered 08/26/2014; charged off 08/31/2015;

      b.     James Brown; entered 08/29/2014; charged off 11/30/2015;

      c.     Nicole Freeman; entered 01/03/2015; charged off 04/29/2016;

      d.     Brian Guy; entered 11/10/2014; charged off 08/31/2015;

      e.     Joseph Kanu; entered 10/30/2014; losses accounted for 01/20/2015;

      f.     Milton Polanco; entered 11/07/2014; charged off 02/28/2017;

      g.     Oneyda Valdovinos; entered 11/25/2014; charged off 09/30/2016; and

      h.     Uvonda Wright; entered 08/23/2014; charged off 12/28/2015.

37.    Upon information and belief, Counterdefendants' also enjoyed the benefit of down payment proceeds received from each of the Consumer Contracts that CAF funded, which would not have been possible but for CAF's conferral of the benefit of loan funding to those consumers to allow them to purchase from the Counterdefendants' car lots.

38.    Upon information and belief, these down payments, however, were not paid in the amounts represented but were inflated to deceive CAF into relying on Counterdefendants' misrepresentation that the Consumer Loans were truly entered as part of legitimate transactions.

## FIRST CLAIM FOR RELIEF

### (Fraudulent Misrepresentation)

39.    CAF repeats, re-alleges, and incorporates by this reference each and every allegation contained above, inclusive, as if fully set forth herein.

40.    Counterdefendants made multiple and on-going false representations to CAF, in assigning each of the Consumer Contracts that ultimately had to be charged off, by misrepresenting to CAF that the consumers thereto had been vetted and were, in fact, good

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

moral and financial risk and had paid a full down payment in conjunction with obtaining financing for the purchase of vehicles from Counterdefendants' car lots.

41.     Counterdefendants had an insufficient basis of information for making the false representations, or they knew or should have known that their representations were false because they warranted that they had assessed each consumer and received down payments from each in the full amounts that Counterdefendants misrepresented to CAF were received.

42.     Upon information and belief, Counterdefendants did not, in fact, receive full down payments, as was represented, on the subject Consumer Loans.

43.     Counterdefendants made these misrepresentations to induce CAF to act or refrain from acting upon those misrepresentations.

44.     CAF justifiably relied upon Counterdefendants' representations by continuing to purchase Consumer Contracts from Counterdefendants and accepting assignments thereof from LV Cars.

45.     As a direct and proximate result of Counterdefendants' fraudulent or intentional misrepresentations, and CAF's reliance on those misrepresentations, CAF has been damaged in an amount to be proven at trial.

46.     Moreover, as a direct and proximate result of Counterdefendants' intentional misrepresentations, which were characterized by fraud, oppression, or malice, express or implied, CAF is entitled to punitive damages, in an amount to be proven at trial.

47.     It has become necessary for CAF to engage the services of an attorney to prosecute this action, and therefore, it is entitled to attorney fees and costs.

### SECOND CLAIM FOR RELIEF

**(Deceptive Trade Practices and Consumer Fraud –
Violation of NRS 41.600(2)(e) and NRS 598.0915(15))**

48.     CAF repeats, re-alleges, and incorporates by this reference each and every allegation contained above, inclusive, as if fully set forth herein.

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

49.     Pursuant to NRS 41.600 and NRS 598.0915(15), Counterdefendants engaged in a deceptive trade practice when, in the course of their business, they knowingly made false representations in a transaction between Counterdefendants and CAF.

50.     CAF is a victim of consumer fraud pursuant to NRS 41.600.

51.     As a direct and proximate result of Counterdefendants' wrongful acts, CAF has suffered actual and statutory damages, under NRS 598.0999(3), in excess of $75,000, the exact amount of which will be proven at trial.

52.     Moreover, as a direct and proximate result of Counterdefendants' deceptive trade practices, which were characterized by fraud, oppression, or malice, express or implied, CAF is entitled to punitive damages, in an amount to be proven at trial.

53.     It has become necessary for CAF to engage the services of an attorney to prosecute this action, and therefore, it is entitled to attorney fees and costs.

### THIRD CLAIM FOR RELIEF

### (Deceptive Trade Practices – Violation of NRS 598.092(8))

54.     CAF repeats, re-alleges, and incorporates by this reference each and every allegation contained above, inclusive, as if fully set forth herein.

55.     Pursuant to NRS 41.600 and NRS 598.092(8), Counterdefendants engaged in a deceptive trade practice when, in the course of their business, they knowingly misrepresented the legal rights, obligations or remedies of CAF, as a party to the various transactions outlined above between Counterdefendants and CAF.

56.     CAF is a victim of consumer fraud pursuant to NRS 41.600.

57.     As a direct and proximate result of Counterdefendants' wrongful acts, CAF has suffered actual and statutory damages, under NRS 598.0999(3), in excess of $75,000, the exact amount of which will be proven at trial.

58.     Moreover, as a direct and proximate result of Counterdefendants' deceptive trade practices, which were characterized by fraud, oppression, or malice, express or implied, CAF is entitled to punitive damages, in an amount to be proven at trial.

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

59.     It has become necessary for CAF to engage the services of an attorney to prosecute this action, and therefore, it is entitled to attorney fees and costs.

### FOURTH CLAIM FOR RELIEF

**(Declaratory Relief)**

60.     CAF repeats, re-alleges, and incorporates by this reference each and every allegation contained above, inclusive, as if fully set forth herein.

61.     CAF contends that a justiciable controversy exists between CAF and Counterdefendants as they have adverse interests or positions relating to the validity, execution, and enforceability of the MDA.

62.     CAF submits that Gantchev executed both the MDA and Guaranty, among the other Dealer Contracts, such that Counterdefendants are bound to the terms thereto, and Counterdefendants have alleged that the Dealer Contracts were forged and are, therefore, unenforceable against them.

63.     Accordingly, CAF has asserted a legally protected right under the governing contracts.

64.     The issue is ripe for judicial determination because Counterdefendants have asserted claims based on their allegations of forgery, and CAF has asserted claims based on the subject contracts' respective validities.

65.     CAF, therefore, asks the Court to determine the parties' respective rights under the Dealer Contracts.

66.     It has become necessary for CAF to engage the services of an attorney to prosecute this action, and therefore, it is entitled to attorney fees and costs incurred herein as damages.

### PRAYER FOR RELIEF

WHEREFORE, CAF prays for judgment against Counterdefendants as follows:

1.     For a declaration that the MDA, the Dealer Application, and Gantchev's personal Guaranty were duly executed and are, therefore, valid and enforceable contracts;

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

2.    For damages in an amount to be proven at trial;

3.    For prejudgment interest at the legal rate;

4.    For reasonable attorney fees;

5.    For costs of suit; and

6.    For any further relief as the Court deems just and proper.

Dated this  22nd  day of February, 2018.

**Marquis Aurbach Coffing**


_____*/s/ Jared M. Moser*_____
Chad F. Clement, Esq.
Nevada Bar No. 12192
Christian T. Balducci, Esq.
Nevada Bar No. 12688
Jared M. Moser, Esq.
Nevada Bar No. 13003
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendants*

MAC:14767-001 3322231_1 2/22/2018 10:20 AM

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT AND COUNTERCLAIMS** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 22nd day of February, 2018.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Law Offices of Garcia-Mendoza & Snavely
Eva Garcia-Mendoza, Esq.
501 S. Seventh Street
Las Vegas, Nevada 89101
evagm@gms4law.com
Alma@gms4law.com

Lizada Law Firm, Ltd.
501 S. Seventh Street
Las Vegas, Nevada 89101
angela@lizadalaw.com
lizadalaw@gmail.com
lynnette@lizadalaw.com
*Attorneys for Plaintiff*

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

N/A

_____*/s/ Barb Frauenfeld*_____
An employee of Marquis Aurbach Coffing

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14767-001 3322231_1 2/22/2018 10:20 AM