**Marquis Aurbach Coffing**
Chad F. Clement, Esq.
Nevada Bar No. 12192
Christian T. Balducci, Esq.
Nevada Bar No. 12688
Jared M. Moser, Esq.
Nevada Bar No. 13003
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
cclement@maclaw.com
cbalducci@maclaw.com
jmoser@maclaw.com
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GUEORGUI GANTCHEV,

Plaintiff,

vs.

3RD GENERATION INC. dba CALIFORNIA AUTO FINANCE, CARLOS NAVAS, DOES I-X and ROE CORPORATIONS I-X,

Defendants.

3RD GENERATION INC. dba CALIFORNIA AUTO FINANCE, a California corporation,

Counterclaimant,

vs.

GEORGE'S AND GEORGE'S, LLC d/b/a LV Cars, a Nevada limited liability company; GUEORGUI GANTCHEV, individually, and as Manager for GEORGE'S AND GEORGE'S, LLC d/b/a LV Cars, a Nevada limited liability company; DOES I-X; and ROE CORPORATIONS I-X,

Counterdefendants.

[CONSOLIDATED CASES]

Case No. 2:17-cv-00185-RFB-CWH

Case No. 2:17-cv-01692-JAD-PAL

**3RD GENERATION INC. DBA CALIFORNIA AUTO FINANCE'S AND CARLOS NAVAS' MOTION FOR AN ORDER DIRECTING EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX, INC.; AND TRANSUNION TO PRODUCE DISPUTE RECORDS**





MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Defendant-Counterclaimant 3rd Generation Inc. dba California Auto Finance ("CAF"), and Defendant Carlos Navas ("Navas," and together with CAF, "Defendants"), by and through their respective counsel of record, hereby submit their Motion for an Order Directing Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion to Produce Dispute Records ("Motion"). This Motion is made and based upon the papers and pleadings on file herein, the following Memorandum of Points and Authorities, and any oral argument the Court wishes to entertain on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

On August 6, 2018, the parties submitted a Stipulation and Order Directing Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion (collectively, the "CRAs") to Produce Credit Reports and Dispute Records [ECF No. 42] (the "SAO"). On August 20, 2018, though, the Court rejected the SAO "[g]iven that the CRAs are not a party to the present action and did not stipulate to produce the requested documents."[1] The Court further directed that "[a]ny further requests for the production of documents must comply with Rule 45 of the Federal Rules of Civil Procedure" ("FRCP").[2] Governing law, however, does not allow the CRAs to produce the needed documents absent a grand jury subpoena or an order from the Court, so a subpoena issued pursuant to FRCP 45 does not suffice.

Therefore, Defendants renew their request that the Court issue an order directing the CRAs to produce the requested records.

## II. LEGAL ARGUMENT

### A. GOVERNING LAW REQUIRES AN ORDER FROM THIS COURT.

Pursuant to the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C. § 1681b, governing "[p]ermissible purposes of consumer reports," CRAs may furnish reports under

[1] ECF No. 46.

[2] *Id.*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

only select, enumerated circumstances, including "[i]n response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury." 15 U.S.C. § 1681b(a)(1). In other words, while Gantchev may submit written instructions, Defendants cannot subpoena the dispute records or reports. Therefore, an order of this Court is required for all parties to have access to the highly relevant records.

Defendants' counsel has previously sought credit records from Experian via an FRCP 45 subpoena, but Experian responded that it "is unable to comply with the request as issued."[3] Experian cited not only to the applicable U.S. Code provision but also the case of *In re TRW Credit Data*, 98 Misc. 2d 940, 415 N.Y.S.2d 196 (1979), "which held that a subpoena is not a court order unless it is signed by a judge."[4]

Although the appellate court has not considered the issue, other district courts around the Ninth Circuit have recognized this requirement. *See, e.g., Rodriguez v. El Toro Med. Investors Ltd. P'ship*, No. 816CV00059JLSKESX, 2017 WL 2495171, at *2 (C.D. Cal. May 11, 2017); *see also United States v. Flemings*, No. 2:10–cr–00098 EJG, 2011 WL 9734, at *1-2 (E.D. Cal. Jan. 3, 2011) (recognizing that the subject of the reports could request the credit records but that a court order was required otherwise).

These same laws and restrictions apply to all CRAs, requiring this Court's order directing them to produce the documents sought lest Defendants be left without a means to defend Gantchev's allegations of FCRA violations. Therefore, Defendants respectfully request that the Court so order.

/ / /

/ / /

---

[3] *See* Letter from Experian, dated July 3, 2017, re: Subpoena for the credit records of Linda Cox ("Experian Letter"), a true, accurate, and authentic copy of which is attached hereto as **Exhibit 1**; *see also* Decl. of Jared M. Moser, Esq., attached hereto as **Exhibit 2** (authenticating Experian Letter).

[4] Ex. 1, Experian Letter.

### B. THE RECORDS SOUGHT ARE DIRECTLY RELEVANT TO GANTCHEV'S FCRA CLAIMS IN THIS MATTER.

The credit dispute records sought by Defendants are directly relevant and, therefore, discoverable in this action.

#### 1. <u>The Records Sought Are Relevant and, in fact, Critical to this Litigation.</u>

Gantchev has asserted several claims relating to the duties of a furnisher of information, namely his First Claim for Relief, under the FCRA, alleging a violation of 15 U.S.C. § 1681s-2(b).[5] This provision governs the "duties of furnishers of information upon notice of dispute … [and a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a [CRA] … " 15 U.S.C. § 1681s-2(b)(1).

Under the FCRA, a consumer has a private right of action under § 1681s-2(b) only when duties are triggered by notice to a furnisher of information, like CAF, from a CRA. *See Whisenant v. First Nat'l Bank & Trust Co.*, 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003) ("[I]t is vital to note that these duties are only triggered after a furnisher of information receives notice of a consumer dispute from a [CRA]. In the absence of such notification, ***no duty arises***.") (emphasis added); *see also Aklagi v. Nationscredit Fin.*, 196 F. Supp. 2d 1186, 1193 (D. Kan. 2002) ("[U]nder the plain language of [§ 1681s-2(b)], the duty of a furnisher of credit information to investigate a credit dispute is triggered only after the furnisher receives notice of the dispute from a [CRA], not just the consumer. ***Indeed, courts have uniformly reached this conclusion***.") (emphasis added) (citing *Hasvold v. First USA Bank*, 194 F. Supp. 2d 1228, 1235 (D. Wyo. 2002) (reasoning that § 1681s–2(b) provides a private cause of action only if the furnisher received notice from a [CRA], as opposed to the plaintiff alone, that the credit information was disputed); *Jaramillo v.*

---

[5] *See* ECF No. 31, at 7-8.





MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

*Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 363 (E.D. Pa.2001) ("[T]o state a cause of action under 1681s–2(b) requires a pleading that a [CRA] notified a furnisher of a dispute. … "); *Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F. Supp. 2d 1275, 1289 (M.D. Ala. 2001) ("[A] furnisher of information has no duty under § 1681s–2(b) until a [CRA], and ***not a consumer***, provides notice to the furnisher of information of a dispute.") (emphasis added); *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 928–29 (N.D. Ill. 2000) ("Section 1681s–2(b) triggers a furnisher's duty to investigate allegedly erroneous information when that furnisher has received notice from a *[CRA]* that the credit information is disputed.") (emphasis in original)) (unpublished citations by *Aklagi* omitted).

Pursuant to the clear language of 15 U.S.C. § 1681i(a)(1)(A), "if the completeness or accuracy of any item of information contained in a consumer's file at a [CRA] is disputed by the consumer ***and the consumer notifies the agency*** … of such dispute, the agency shall … conduct a reasonable reinvestigation … " (emphasis added). Then, and only then, under 15 U.S.C. § 1681i(a)(2)(A), "[b]efore the expiration of the 5-business-day period beginning on the ***date on which a [CRA] receives notice of a dispute from any consumer*** … in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute [*i.e.*, CAF] … " (emphasis added).

Based on the foregoing, whether or not Gantchev submitted a dispute to the CRAs, or any of them, is a threshold issue, potentially dispositive as to Gantchev's first claim for relief. Therefore, Defendants respectfully request that the Court issue the necessary and appropriate order directing the CRAs to produce the categories of documents outlined below.

**2. <u>The FRCP Allow Discovery of These Relevant Records.</u>**

Under FRCP 26,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues,

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

> and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). As the parties previously attempted to stipulate, there should be no question that the records sought are discoverable and relevant to this case.

The parties previously requested that the Court issue an order directing the CRAs to produce the following categories of documents, all of which are relevant in this litigation:

1. Any and all documents and/or communications, whether in paper, electronic, or other form reflecting any and all disputes filed, submitted, dispatched, conveyed or otherwise transmitted by Gantchev to the CRAs, and each of them;

2. Documents and/or communications sufficient to identify the date of each dispute made by Gantchev to the CRAs; and

3. Documents and/or communications, whether in paper, electronic, or other form reflecting any notification of disputes by Gantchev, if any, sent to CAF.

Accordingly, Defendants reiterate their request that the Court issue an order directing the CRAs to produce all records in their possession, custody, and control that are within the foregoing categories.

## III. CONCLUSION

Gantchev has asserted a claim against Defendants for violation of the FCRA, specifically under 15 U.S.C. § 1681s-2(b). The duties of a furnisher of information, like CAF, under this code section do not arise unless and until a consumer, like Gantchev, submits a proper dispute to the CRA(s). Defendants need to obtain dispute records, if any exist, or to establish that no dispute was submitted, in order to defend this claim. Unfortunately, under 15 U.S.C. § 1681b(a)(1), Defendants cannot simply subpoena the CRAs and, instead, require an order from this Court.

///

///

///





MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Accordingly, Defendants respectfully request that the Court issue an order directing the CRAs to produce the three categories of records set forth above.

Dated this 8th day of October, 2018.

MARQUIS AURBACH COFFING

By: /s/Jared M. Moser
Chad F. Clement, Esq.
Nevada Bar No. 12192
Christian T. Balducci, Esq.
Nevada Bar No. 12688
Jared M. Moser, Esq.
Nevada Bar No. 13003
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendants*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing 3RD GENERATION INC. DBA CALIFORNIA AUTO FINANCE'S AND CARLOS NAVAS' MOTION FOR AN ORDER DIRECTING EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX, INC.; AND TRANSUNION TO PRODUCE DISPUTE RECORDS with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 8th day of October, 2018.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Law Offices of Garcia-Mendoza & Snavely
Eva Garcia-Mendoza, Esq.
evagm@gms4law.com
Alma@gms4law.com
*Attorney for Plaintiff Gueorgui Gantchev*

Lizada Law Firm, Ltd.
angela@lizadalaw.com
lizadalaw@gmail.com
lynnette@lizadalaw.com
*Attorney for Plaintiff Gueorgui Gantchev*

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

N/A

*/s/ Barb Frauenfeld*
An employee of Marquis Aurbach Coffing