UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GUEORGUI GANTCHEV and GEORGES AND GEORGES LLC dba LV CARS, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>3RD GENERATION INC. dba CALIFORNIA AUTO FINANCE, CARLOS NAVAS, DOES I-X and ROE CORPORATIONS I-X,<br><br>Defendants. | Case No. 2:17-cv-00185-RFB-DJA<br>Case No. 2:17-cv-01692-JAD-CWH<br><br>**ORDER** |
| 3RD GENERATION INC. dba CALIFORNIA AUTO FINANCE, a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>GEORGE'S AND GEORGE'S, LLC d/b/a LV Cars, a Nevada limited liability company; GUEORGUI GANTCHEV, individually, and as Manager for GEORGE'S AND GEORGE'S, LLC d/b/a LV Cars, a Nevada limited liability company; DOES I-X; and ROE CORPORATIONS I-X,<br><br>Counterdefendants. | |

## I. INTRODUCTION

Before this Court are Defendants' Motion for Summary Judgment (ECF No. 54) and Plaintiffs' Motion for Summary Judgment (ECF No. 55). For the reasons stated below, the Court grants in part and denies in part Defendants' motion and denies Plaintiffs' motion.

## II. PROCEDURAL BACKGROUND

On January 23, 2017, Plaintiff Gueorgui Gantchev filed his Complaint with Jury Demand against California Auto Finance, L.P. ECF No. 1. On March 22, 2017, Gantchev filed an Amended Complaint against Defendants Carlos Navas and 3rd Generation Inc. d/b/a as California Auto Finance. ECF No. 10. On April 4, 2017, Gantchev filed a Second Amended Complaint against Defendants. ECF No. 13.

On April 18, 2017, Defendants filed a Motion to Dismiss. Gantchev responded and Defendants replied. ECF Nos. 16, 19.

On May 3, 2017, Gantchev sought leave to file a Third Amended Complaint. ECF No. 18. Defendants responded and Gantchev replied. ECF Nos. 20, 21.

On July 14, 2017, Defendants filed a Motion to Consolidate seeking consolidation of this case, 2:17-cv-00185-RFB-CWH, with related case 2:17-cv-01692-JAD-PAL. ECF No. 23. Gantchev responded and Defendants replied. ECF Nos. 25, 27.

On October 30, 2017, the Court granted the Motion to Consolidate. ECF No. 29. Plaintiff Georges and Georges LLC, d/b/a LV Cars, thereby joined the suit as a consolidated Plaintiff.[1] On February 8, 2018, the Court granted leave for filing of the Third Amended Complaint and denied the Motion to Dismiss without prejudice. ECF No. 30.

The Third Amended Complaint, which is the operative complaint in this matter, was filed on February 9, 2018. ECF No. 31. The Third Amended Complaint alleges the following claims against all Defendants: (1) Violation of 15 U.S.C. Section 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"); (2) Statutory Deceptive Trade Practices and Consumer Fraud in Violation of NRS 41.600(2)(e) and NRS 598.0913; (3) Statutory Deceptive Trade Practices and Consumer Fraud in Violation of NRS 41.600(2)(e) and NRS 598.0915(14)-(16); (4) Statutory Deceptive Trade Practices and Consumer Fraud in Violation of NRS 41.600 and NRS 598.092; (5) Fraudulent Misrepresentation; and (6) Unjust Enrichment. ECF No. 31.

---

[1] The parties dispute whether Georges and Georges LLC, d/b/a LV Cars is a plaintiff in this case following consolidation. The Court clarifies that it is. Georges and Georges LLC, d/b/a/ LV Cars, does not lose its status as a plaintiff pursuing relief from Defendants just because its case was consolidated with this one. The Court clarifies that Georges and Georges LLC, d/b/a/ LV Cars, joined the operative Third Amended Complaint.

Defendants filed an Answer on February 22, 2018. ECF No. 32. In the Answer, Defendant 3rd Generation, Inc. d/b/a California Auto Finance ("CAF") alleged counterclaims against Plaintiffs for (1) Fraudulent Misrepresentation; (2) Deceptive Trade Practices and Consumer Fraud in Violation of NRS 41.600(2)(e) and NRS 598.0915(15); (3) Deceptive Trade Practices in Violation of NRS 598.092(8); and (4) Declaratory Relief. ECF No. 32. Plaintiffs filed an Answer on March 14, 2018. ECF No. 33. The Court entered a scheduling order on April 5, 2018. ECF No. 35.

Defendants filed their instant Motion for Summary Judgment on December 10, 2018. ECF No. 54. Plaintiffs responded and Defendants replied. ECF No. 58, 61.

Plaintiffs also filed their instant Motion for Summary Judgment on December 10, 2018. ECF No. 55. Defendants responded and Plaintiffs replied. ECF No. 59, 60.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (quotation marks omitted).

### IV. FACTUAL BACKGROUND

#### A. Undisputed Facts

The Court finds the following facts to be undisputed.

Plaintiff Gantchev is a co-owner and the President of Plaintiff Georges and Georges LLC, d/b/a LV Cars. LV Cars sells used cars and allows consumers to finance vehicles with seller-backed financing.

Defendant CAF is a sub-prime auto finance company that purchases seller-backed automobile purchase loans from dealers, including LV Cars.

On November 10, 2014, non-party Brian Guy purchased a 2004 BMW 7 Series from LV Cars for the total purchase price of $16,925.36. LV Cars provided Guy with seller-backed financing in the amount of $13,925.36, and CAF purchased the contract.

Guy defaulted within the first two payments. LV Cars did not repurchase the loan. In approximately June or July of 2015, the subject vehicle was towed and sold at an auction. In December 2016, CAF lodged a negative credit reference against Gantchev and returned the vehicle's title to LV Cars. The negative remark on Gantchev's credit has since been removed.

### B. Disputed Facts

Several facts are disputed in this case. The parties dispute whether LV Cars declined to repurchase the loan either in defiance of its contractual agreement or as the result of a compromise negotiated between the parties. They further dispute whether Gantchev submitted notice of CAF's negative credit reporting to a credit reporting agency ("CRA"). The parties dispute whether the negative credit remark lodged against Gantchev caused a delay on the closing of a home purchase. The parties dispute whether CAF extorted approximately $6,000 from Plaintiffs in exchange for a false promise to remove a negative credit reference. Lastly, the parties dispute whether Defendants misrepresented the status of the vehicle's title when they returned it to LV Cars subsequent to the impoundment and sale of the vehicle.

## V. DISCUSSION

### A. FCRA Claim

Defendants argue that Plaintiffs' FCRA claim fails as a matter of law because Gantchev failed to submit a written dispute to a CRA. The duties of furnishers of credit information pursuant to FCRA are triggered only upon receiving notice of dispute pursuant to 15 U.S.C.

Section 1681i(a)(2). 15 U.S.C. § 1681s-2(b)(1) ("*After* receiving notice pursuant to section n1681i(a)(2) of this title of a dispute . . . . (emphasis added)). Such notice must be sent from a consumer or reseller to a consumer reporting agency. 15 U.S.C.A. § 1681i(a)(2)(A). "The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller." Id. If a plaintiff cannot point to evidence showing that a CRA received notice of a dispute, which triggers the CRA's duty to notify the furnisher and the furnisher's duty to investigate, then the plaintiff's FCRA claims fail as a matter of law. Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639–40 (5th Cir. 2002). "[C]ourts have uniformed reached th[e] conclusion" that "under the plain language of the statute, the duty of a furnisher of credit information to investigate a credit dispute is triggered only after the furnisher receives notice of the dispute *from a consumer reporting agency,* not just the consumer." Aklagi v. Nationscredit Fin., 196 F. Supp. 2d 1186, 1193 (D. Kan. 2002) (compiling cases across districts).

The Court finds that Plaintiffs cannot point to sufficient evidence to show that a CRA received notice of the dispute. Plaintiffs cite to Equifax's website, which features an online portal to submit disputes. Plaintiffs next point to Gantchev's deposition and his interrogatory responses, in which he stated that he provided notice to Equifax online. ECF No. 58-1 at 45 ("Yes, I did [send written notice]. . . . I did it online."); ECF No. 58-4 ("I was forced to report the issue to Experian."). Plaintiffs identify no other evidence in support of notice, and the evidence identified is insufficient as a matter of law. Because a link to an online portal does not constitute evidence that Gantchev utilized that portal, Plaintiffs' only evidence is Gantchev's self-serving statement that he supplied notice. "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." F.T.C. v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997). Moreover, Plaintiff proffers no evidence whatsoever regarding the content of any notice and therefore cannot show that the notice included "all relevant information regarding the dispute" as required by Section 1681i(a)(2)(A).

Because Plaintiffs cannot show more than a metaphysical doubt regarding the statutory requirement to provide sufficiently detailed notice to the CRA, Plaintiffs cannot prove a FCRA
/ / /

claim against Defendants. The Court therefore grants summary judgment in favor of Defendants as to the FCRA claim.

### B. State Law Claims

Defendants argue that Plaintiffs' state law claims are preempted by FCRA. As a default, the FCRA does not preempt state law, but the statute lists several exceptions. 15 U.S.C. § 1681t(b)-(c). Pursuant to one exception, FCRA preempts state law "with respect to any subject matter regulated under" Section 1681s-2, with two only exceptions under Massachusetts and California law. 15 U.S.C. § 1681t(b)(1)(F). Plaintiffs' FCRA claim arises exclusively under Section 1681s-2, which governs the duties of furnishers of information (a) to provide accurate information and (b) upon notice of dispute.

Plaintiffs argues that the state law claims arise out of Defendants' fraudulent and deceptive trade practices and do not relate to whether or not Defendants complied with their responsibilities in furnishing information. The Court finds that Plaintiffs' state law claims are preempted to the extent they arise from the allegations that Defendants lodged a negative credit reference against Gantchev in breach of their duties as furnishers of information, the duties of which are regulated under Section 1681s-2. However, the Court finds that Plaintiffs plead factual bases for their claims that do not arise from allegations that Defendants breached their duties as furnishers of information. Specifically, Plaintiffs allege that CAF extorted approximately $6,000 from Plaintiffs in exchange for a false promise to remove a negative credit reference. Plaintiffs further allege that Defendants sent LV Cars the original title to the vehicle purporting to transfer title of the vehicle to Gantchev, but that the title was worthless as the vehicle had already been sold at an auction by a tow company. To the extent Plaintiffs' state law claims for deceptive trade practices, fraud, and unjust enrichment are based on these facts, which are unrelated to the scope of Defendants' duties as furnishers, the Court finds that Plaintiffs' state law claims are not preempted.

As to these claims that are not preempted, the Court finds that Plaintiffs have met their evidentiary burden to demonstrate a genuine issue for trial. Plaintiffs allege deceptive trade practices, consumer fraud, fraudulent misrepresentation, and unjust enrichment. Consumer fraud and deceptive trade practice in violation of Nevada law occur when one "[k]nowingly makes any

[ ] false representation in a transaction" or "[k]nowingly misrepresents the legal rights, obligations or remedies of a party to a transaction." NRS §§ 41.600(2)(e), 598.0915(15), 598.092(8). The elements of a fraudulent misrepresentation claim are:

> 1. A false representation made by the defendant;
> 2. Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation);
> 3. Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation;
> 4. Plaintiff's justifiable reliance upon the misrepresentation; and
> 5. Damage to the plaintiff resulting from such reliance.

Bulbman, Inc. v. Nevada Bell, 825 P.2d 588, 592 (Nev. 1992). The elements of unjust enrichment are: (1) "the plaintiff confers a benefit on the defendant," (2) "the defendant appreciates such benefit," and (3) there is "acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." Certified Fire Prot. Inc. v. Precision Constr., 283 P.3d 250, 257 (Nev. 2012) (citation omitted).

Genuine issues remain as to the facts required to prove each standard. Gantchev provided sufficiently detailed deposition testimony in support of his allegations that Carlos Navas threatened him with litigation and that he and Navas executed a verbal contract to exchange two payments of $3,000 for ownership of the vehicle. See ECF No. 55-1 at 29–30. He testified that he paid CAF via two wire transactions, and that when he received the title and vehicle history, he learned that he had paid for a valueless title document. See id. at 41. Construed in a light most favorable to Plaintiffs, Gantchev's testimony supports Plaintiffs' theory that Defendants knowingly made a false representation to Gantchev regarding the value of the title, despite their knowledge that the vehicle had been sold at auction, and intended for Gantchev to rely on this misrepresentation, which he justifiably proceeded to do. Pursuant to this theory, Plaintiffs were therefore damaged by the payment of approximately $6,000, which was inequitably retained by Defendants. Gantchev's deposition testimony provides a sufficient factual basis to proceed to trial on his state law claims pursuant to his remaining theory of liability.

///

### C. CAF's Counterclaims

Defendant CAF does not seek summary judgment as to its counterclaims at this time. However, Plaintiffs' motion seeks summary judgment in their favor with respect to these counterclaims. Plaintiffs argue that CAF has failed to produce any evidence in support of its fraudulent misrepresentation, deceptive trade practices, consumer fraud, and declaratory relief claims against Plaintiffs.

In its counterclaims, CAF alleges that Plaintiffs knowingly made false representations that the consumers had been vetted, were a good moral and financial risk, and had paid a full down payment. The Court incorporates by reference the legal standards for consumer fraud, deceptive trade practices, and fraudulent misrepresentation detailed above. A declaratory relief claim can be pursued for any question regarding construction of a contract. See NRS § 30.040(1).

The Court disagrees with Plaintiffs' assertion that CAF has failed to provide evidence in support of its claims. CAF has shown that the Master Dealer Agreement ("MDA") includes terms that the consumers were a good moral and financial risk and that they had paid a down payment. ECF No. 54-4. It has presented evidence that an unusually high number of the contracts sold by LV Cars to CAF had to be charged off. ECF No. 54-3 at 4. It also provides evidence that Plaintiff never received the represented down payments, as the business records provided in response to CAF's request for production of documents reflect no deposits on or about the relevant dates. ECF No. 59-18,19. CAF has therefore raised genuine disputes of material fact as to whether Plaintiffs knowingly made false representations in a transaction upon which CAF relied to its detriment. The Court denies summary judgment in favor of Plaintiffs as to CAF's counterclaims.

### VI. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 54) is GRANTED in part and DENIED in part. Plaintiffs' first claim for violation of the Fair Credit Reporting Act is DISMISSED. Plaintiffs' state law claims proceed only under the factual theory discussed above.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (ECF No. 55) is DENIED.

**IT IS FURTHER ORDERED** that the parties file a Joint Pretrial Order one month from the date of entry of this Order regarding Plaintiffs' remaining state law claims and CAF's counterclaims.

DATED: September 26, 2019.

_____
**RICHARD F. BOULWARE, II
UNITED STATES DI8STRICT JUDGE**